**Travelers Insurance Company, Appellant, v. Benjamin A. Leafgreen, Appellee.**

**Gen. No. 15,412.**

VERDICTS—*when not disturbed as against the evidence.* A verdict not manifestly against the weight of the evidence will not be set aside on review.

Appeal from the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed May 5, 1911.

HORTON & MILLER, for appellant.

LEE & LEE, for appellee.

MR. JUSTICE BALDWIN delivered the opinion of the court.

This is an action of the first class brought by the Travelers' Insurance Company (appellant) in the Municipal Court of Chicago, to recover the sum of $1,703.96, as premiums on four policies of insurance issued to appellee.

A jury trial was had, resulting in a verdict for $525.95 in favor of appellant, which was set aside and

a new trial granted. Upon a second jury trial a verdict for $503.79 was rendered, upon which, after overruling a motion for a new trial, judgment was rendered against Leafgreen. The insurance company then appealed to this court.

Appellee is a building contractor, doing business as the Leafgreen Construction Company, and has a number of men in his employ. On November 13, 1904, he procured two policies of insurance,—one against liability to employes for injuries, known as employer's liability policy,—and the other against liability to persons other than employes, and known as public liability policy. These policies were issued for the term of one year from their date. Two other policies of the same kind were issued to appellee on November 13, 1905.

The premium upon each policy is based upon the entire amount earned by all employes of the assured, engaged in stated employments. The rate to be charged varied according to the character of the work performed. The employer's liability policy specified the following rates per $100 expended for labor: Mason and carpenter work, $4.00; *private residences* four stories high and under, $2.00. Under the public liability policy the rates per $100 expended for labor were: Mason and carpenter, $1.50; *private residences* four stories high and under, $1.00. Taking the two policies together, the rates would be per $100 expended for labor as follows: Mason and carpenter work, $5.50; *private residences* four stories high and under, $3.00.

As to the first two policies, the assured contended that his liability was at the rate of $3.00 per $100 expended for labor, which would make the amount due from him (after deducting the amount advanced by him on the policies) the sum of $503.79, the amount of the judgment; while appellant contends that the rate should have been $5.50 per $100 (on the ground

that the flat buildings, etc., were not "private residences four stories high and under," but were chargeable as under the class "mason and carpenter work"), at which rate there was due to it, after allowing credit for advance payments, the sum of $1,266.96.

In addition, the appellant claimed $437 as advance premiums upon the last two policies. Leafgreen contends that he is not liable for any portion of this amount upon the ground that he did not accept the policies.

As to the delivery of the last two policies, there is a direct conflict in the evidence. Appellant proved, that through its broker, it made actual delivery of the policies at the office of Leafgreen, and the record discloses several admissions on the part of Leafgreen that strongly support the contention that the policies were accepted by him. Among other things tending to sustain this contention may be mentioned the fact that a notice of injury under the second set of policies was received by the company from Leafgreen's office. This circumstance, however, is explained by the testimony of Leafgreen's sister-in-law, a clerk in his employ, that she sent the notice without authority from her employer, or any one authorized to instruct her, and without giving the matter very much consideration. She also testifies that she had never made out a report like it before, and that she did not notify Mr. Leafgreen that she had done so for some weeks afterward. It appears, however, that nothing was done by the company about the report. She further testifies as to the alleged delivery of the policies, that Mr. Taft, the broker representing the company, brought them in and left them on the table, telling her to give them to Mr. Leafgreen, which she did when he came in. That when she did so he told her to return them to Mr. Taft; that subsequently, when Mr. Taft came in, she so informed him, and he requested her to hold them until he could, himself, see Mr. Leafgreen.

We think the evidence with respect to the delivery of these policies was amply sufficient to sustain a verdict in favor of the company, if one had been thus rendered. The jury, however, on both trials reached a different conclusion. As the witnesses testified in their presence, they were better qualified to determine the weight which should be given to their evidence than we can be, and we cannot say that the verdict is so clearly against the weight of the evidence upon this question, as to justify us in reversing.

As to whether the defendant was right in his contention that his indebtedness to the company under the first two policies was only $503.79, or whether the company was entitled to $763.17 more than that amount, upon the ground that it should have been paid a premium at the rate of $5.50 for "mason and carpenter work," which carried the higher rate, instead of being done on "private residences, four stories high and under," we are unable, from the record before us, to determine. The amount disbursed for work under these several classifications respectively does not sufficiently appear, nor does the record present the question in a manner which enables us to pass upon it. From the record before us, we cannot say that the amount awarded by the jury was not correct.

The judgment will, therefore, be affirmed.

*Affirmed.*